IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:20-CV-293-KDB-DCK

| | |
|---|---|
| CIERA PERCLAINE HAYNES-BRODOWSKI,<br><br>Plaintiff,<br><br>v.<br><br>KILO KIJAKAZI,<br>Acting Commissioner of Social Security,<br><br>Defendant. | )<br>)<br>)<br>) **MEMORANDUM AND**<br>) **RECOMMENDATION**<br>)<br>)<br>)<br>)<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Summary Judgment" (Document No. 17) and "Defendant's Motion For Summary Judgment" (Document No. 19). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Summary Judgment" be <u>denied</u>; that "Defendant's Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I.  BACKGROUND

Ciera Perclaine Haynes-Brodowski ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on an application for disability benefits. (Document No. 1). On or about June 20, 2016 and/or March 13, 2017, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, alleging an inability to work due to a disabling condition beginning January 1, 2015. (Transcript of the Record of Proceedings ("Tr.") 12, 96, 212, 219). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on June 13,

2017, and again after reconsideration on December 6, 2017. (Tr. 12, 106, 111). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> We have determined your condition was not disabling on any date through 06/30/201[7], when you were last insured for disability benefits. In deciding this, we considered the medical records, your statements, and how your condition affected your ability to work.
>
> When applying for disability benefits, you must meet certain eligibility requirements. The information in your file shows that **the date you last met the insured status requirement for consideration of disability was 06/30/201[7]**. You stated that you were disabled and unable to work because of fibromyalgia, depression, anxiety, degenerative disc disease, nerve damage, and bulging disc in the thoracic and lumbar spine. **As of the date you were last insured** for consideration of disability benefits and the date you state you became disabled, your condition(s) was not severe enough to affect your ability to carry out most activities. Since **your ability to work was not significantly affected on or before the date you last met eligibility requirements**, your claim is denied.

(Tr. 111) (emphasis added).

Plaintiff filed a timely written request for a hearing on February 6, 2018. (Tr. 12, 117-118). On May 31, 2019, Plaintiff appeared for a hearing before Administrative Law Judge J. Petri (the "ALJ"), but the hearing was postponed so Plaintiff could retain counsel. (Tr. 12, 35-42). Subsequently, Plaintiff re-appeared and testified before ALJ Petri on September 26, 2019. (Tr. 12, 43-83). In addition, Kristen Panella, a vocational expert ("VE"), and Leah Broker, Plaintiff's attorney, appeared at the second hearing. Id.

The ALJ issued an unfavorable decision on October 17, 2019, denying Plaintiff's claim. (Tr. 12-25). On December 12, 2019, Plaintiff filed a request for review of the ALJ's decision, which was denied by the Appeals Council on August 6, 2020. (Tr. 1-3, 206-207). The ALJ

2

decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on October 9, 2020.  (Document No. 1).  On November 3, 2020, the undersigned was assigned to this case as the referral Magistrate Judge.

Plaintiff's "Motion For Summary Judgment" (Document No. 17) and  the "Brief Of Plaintiff In Support Of Her Social Security Appeal" (Document No. 18) were filed June 9, 2021; and "Defendant's Motion For Summary Judgment" (Document No. 19) and "Memorandum In Support Of Defendant's Motion For Summary Judgment" (Document No. 20) were filed August 10, 2021.  Plaintiff filed a "Reply To the Brief Of The Defendant In This Civil Action" (Document No. 21) on August 24, 2021.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Kenneth D. Bell is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to:  (1) whether substantial evidence supports the Commissioner's decision;  and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971);  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence.  Hays, 907 F.2d at 1456 (4th Cir. 1990);  see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986);  Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir.

3

2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). "[A] reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." Peace v. Berryhill, 2019 WL 2406626, at *1 (4th Cir. June 7, 2019) (quoting Brown v. Comm'r Soc. Sec. Admin., 873 F.3d 251, 267 (4th Cir. 2017)). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between January 1, 2015, and June 30, 2017, the date last insured.[1] (Tr. 12, 25). To establish entitlement to benefits, Plaintiff has the burden of proving

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

disability within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 24-25).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity from January 1, 2015, the alleged disability onset date, through her date last insured of June 30, 2017. (Tr. 14). At the second step, the ALJ found that "fibromyalgia syndrome, Ehlers-Danlos

syndrome, degenerative disc disease, right trochanteric bursitis, right wrist tenosynovitis status post release, obesity, major depressive disorder, posttraumatic stress disorder (PTSD), and generalized anxiety disorder" were severe impairments.[2] (Tr. 14-15). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 16).

Next, the ALJ assessed Plaintiff's RFC and found that Plaintiff retained the capacity to perform light work activity, with the following limitations:

> claimant could never climb. She could occasionally balance, stoop, kneel, crouch, and crawl. She could have no exposure to workplace hazards. She was limited to simple, routine tasks performed two hours at a time. She was limited to occasional interaction with the public.

(Tr. 18). In making this finding, the ALJ "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a server, and bartender. (Tr. 23). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "[c]onsidering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 24). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a laundry folder, a hand packager, and ticket marker. (Tr. 24). Therefore, the ALJ concluded that Plaintiff was not under a "disability,"

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

as defined by the Social Security Act, between January 1, 2015, and the date last insured, June 30, 2017. (Tr. 25).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to provide "an accurate and logical bridge between the evidence presented and the conclusion"; and (2) the ALJ failed to give appropriate weight to the opinions expressed by the Vocational Expert. (Document No. 18, p. 9). The undersigned will discuss each of these contentions in turn.

**A.    Evidence Supporting RFC Finding**

In the first assignment of error, Plaintiff seems to allege that the ALJ failed to consider certain clinical records, and therefore, the finding that Plaintiff was not disabled during the relevant time period is unsupported. (Document No. 18, pp. 10-13). The records cited by Plaintiff include treatment notes by psychiatrist Gina Hartmeier, dated July 18, 2017 through September 21, 2017; treatment records from psychologist Cynthia King, dated September 21, 2017 through July 10, 2019; a medical sources statement by nurse practitioner Christi Oates, dated June 12, 2019; and other treatment records from Park Ridge Psychiatry from on or about May 16, 2019. Id. (citing Tr. 442-451, 632, 1138, 1262-1264).

Plaintiff purports to summarize these treatment records, but provides little, if any, argument or legal authority to support her assignment of error. Id.

In response, Defendant asserts that the ALJ properly considered the medical evidence of Plaintiff's mental limitations and contends that Plaintiff fails to establish that Plaintiff has greater mental functional limitations. (Document No. 20, p. 5). Defendant argues that Plaintiff has not addressed the ALJ's findings and supporting evidence, but instead "offers an alternative interpretation of the evidence, seeking to have this Court reweigh the evidence." Id.

7

Defendant notes that the ALJ considered the opinions of Ms. Oates and Dr. King and noted that "their opinions were outside of the relevant time period." (Document No. 20, p. 7) (citing Tr. 23). Still, the ALJ gave those opinions "partial weight" and stated that they were from "treating sources who bring a unique perspective to the medical evidence." Id. Defendant contends that "the ALJ sufficiently explained how the evidence supported her findings as to Plaintiff's functional limitations." Id.

Defendant also argues that Plaintiff has failed to "specify how the ALJ's explanation was lacking." Id. Moreover, Defendant notes that "[f]or the purposes of disability insurance benefits, a claimant must establish that she was disabled prior to the expiration of her insured status." (Document No. 20, p. 8) (citing Kasey v. Sullivan, 3 F.3d 75, 77 n.3 (4th Cir. 1993)). "Here, all of the evidence cited by Plaintiff was from after the relevant time period (i.e, after June 30, 2017, when her insured status expired.). Id.

Plaintiff's reply asserts that some of the evidence she relies on is "very close in time to Plaintiff's date last insured," but fails to otherwise rebut Defendant's arguments. (Document No. 21).

The undersigned finds Defendant's arguments most persuasive. It appears that the ALJ conducted a thorough review of the evidence, including evidence from the relevant time period. (Tr. 14-24).

The ALJ discussed Plaintiff's mental health evaluations and limitations, including treatment records of Oates and King from outside the relevant time period. (Tr. 17, 20-23) (internal citations omitted). The ALJ observed that the "State agency psychological consultants Silvie Ward, Ph.D. and Robert Coyle, Ph.D. found the claimants depressive disorder was non-severe." (Tr. 22). However, the ALJ gave their assessments "little weight" finding that the overall record

8

indicated "severe mental impairments and functional limitations." Id. As noted above, the ALJ gave Ms. Oates and Dr. King's opinions "partial weight" observing that they "were rendered after the date last insured." (Tr. 23).

Among other things, the ALJ's decision also noted that Plaintiff had testified that "she could pay bills, shop, drive, and read" and that she homeschools her children. (Tr. 17) (citing Tr. 271-279). The decision further notes that Plaintiff is a "younger individual" – about 30 years old at the time of the ALJ's decision. (Tr. 24).

The undersigned observes that at the first hearing on May 31, 2019, the ALJ advised Plaintiff that her "[d]isability must be proven or established" before June 30, 2017, "so we'd essentially be looking at January 2015 through June 2017." (Tr. 40). Despite the weight of authority and the ALJ's foregoing comment to Plaintiff, Plaintiff has relied entirely on evidence outside the relevant time period in an attempt to show the ALJ's decision was somehow deficient. (Document No. 18). Candidly, the undersigned does not recall another case where a Plaintiff has relied solely on evidence after the date last insured, nor has Plaintiff cited any cases suggesting that such reliance on evidence entirely outside the relevant time period should support reversal or remand.

Following review of the ALJ decision and the parties' arguments, the undersigned finds that the ALJ decision is supported by substantial evidence; therefore, the undersigned will recommend that Plaintiff's motion be denied.

**B.      ALJ's Consideration of Vocational Expert Testimony**

Next, Plaintiff argues that the ALJ failed to give appropriate weight to the opinions of the VE, Kristin Panella. (Document No. 18, pp. 14-17). Plaintiff's argument here is difficult to follow, but seems to suggest that the ALJ and/or the VE failed to properly consider Plaintiff's alleged

9

mental health limitations when discussing hypotheticals during the hearing. (Document No. 18, p. 16); see also (Tr. 78-82). The argument seems to be premised on Plaintiff's first argument that there was evidence outside of the relevant time period that was not adequately considered.

In response, Defendant asserts that "Plaintiff's argument depends entirely on the ALJ's assessment of mental functional limitations." (Document No. 20, p. 10). According to Defendant, "if this Court upholds the ALJ's assessment of Plaintiff's mental health limitations, then the vocational expert's resulting testimony constituted reliable, substantial evidence supporting the ALJ's decision." Id. Defendant concludes that the ALJ properly questioned the VE, and that the VE's testimony constitutes "reliable, substantial evidence." (Document No. 20, p. 11).

Plaintiff's "Reply To The Brief…" does not appear to address this issue. (Document No. 21).

The undersigned finds that Plaintiff's second assignment of error fails to identify any cause for reversal or remand.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Summary Judgment" (Document No. 17) be **DENIED**; the "Defendant's

Motion For Summary Judgment" (Document No. 19) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); United States v. Benton, 523 F.3d 424, 428 (4th Cir. 208). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Id. "In order 'to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Martin v. Duffy, 858 F.3d 239, 245 (4th Cir. 2017) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)).

**IT IS SO RECOMMENDED**.

Signed: May 18, 2022

David C. Keesler
United States Magistrate Judge